Filed 12/11/24  P. v. Campbell CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SIDNEY CAMPBELL,<br><br>    Defendant and Appellant. | 2d Crim. No. B334456<br>(Super. Ct. No. TA058243)<br>(Los Angeles County) |

Sidney Campbell appeals from the trial court's summary denial of his petition for resentencing on his 2003 second degree murder conviction.  (Pen. Code, § 1172.6.)[1]  He contends the trial court erred in denying his petition for resentencing at the prima facie stage.  Because the record of conviction conclusively establishes that appellant was convicted of malice murder, he is ineligible for relief as a matter of law.  We affirm.

---

1 All further statutory references are to the Penal Code.

*Facts*[2]

In 1999, appellant and his brother, Christopher Campbell, shot and killed 15-year-old Kenneth Colter. Earlier that day, Colter and another boy, 15-year-old Damien Culpepper, were "horse playing" and bent the bicycle tire rim of nine-year-old "Little Chris" Campbell. Little Chris went home and told his father, Christopher, what had happened. Christopher, along with his brother Clinton, angrily confronted Colter and Culpepper. After Christopher and Clinton left, Colter and Culpepper went to Culpepper's garage to get a replacement rim. Sometime later, Christopher returned, this time with appellant. A witness, Gerrina Hawes, saw Christopher and Colter arguing and went to get Colter. Appellant, who was standing in the area and appeared to be angry, told Hawes to mind her own business and leave.

Hawes saw Colter backing away from Christopher. She saw appellant take out a gun, motion for Colter to come to him, and start shooting. Culpepper, who was inside his house at the time, looked out his bedroom window and saw that appellant, Christopher, and Colter all had guns and were shooting them. Colter ran away from the scene but was shot in the neck and arm. He died from the gunshot wound to his neck.

In 2003, appellant was convicted by jury of second degree murder (§ 187, subd. (a)). The jury found true the special allegations that appellant personally used and discharged a firearm in the commission of the offense (§ 12022.53, subds. (b), (c)). The jury found not true the allegation that appellant

---

[2] These facts are summarized from our prior opinion in appellant's direct appeal. (*People v. Campbell* (Jan. 5, 2005, B170224) [nonpub. opn.].)

intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).  Appellant was sentenced to an aggregate term of 35 years to life.

We affirmed appellant's conviction in a nonpublished opinion.  (*People v. Campbell*, *supra*, B170224.)

*Section 1172.6 Petition*

In 2022, appellant filed a form petition for resentencing. He declared he could not presently be convicted of murder "because of changes made to [sections] 188 and 189, effective January 1, 2019."  The trial court appointed counsel and accepted briefing.  Appellant argued that even though the jury was not instructed on felony murder and the natural and probable consequences doctrine, he "may . . . have been convicted on a theory under which malice was imputed to him based solely on his participation in a crime" and ambiguous language in the jury instructions for aider and abettor liability.

*Trial Court's Ruling*

The trial court conducted a hearing on whether appellant had made a prima facie case for relief.

After reviewing the briefs, the jury instructions, and the prior appellate opinion, the trial court summarily denied the petition.  The trial court explained the jury was not instructed on CALJIC No. 8.31, the second degree implied malice murder instruction, the jurors "determined that Mr. Campbell was in fact a shooter who fired a weapon," and "the People's theory of liability for second-degree murder was based solely on aiding and abetting."  The trial court concluded, "for those reasons, Mr. Campbell is not entitled to resentencing pursuant to Penal Code section 1172.6."

3

*Discussion*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended the felony murder rule and the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

To that end, Senate Bill 1437 amended section 188 by adding a requirement that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill 1437 also enacted section 1172.6, which created a procedural mechanism for defendants who could not be convicted of murder or attempted murder under the amended laws to seek retroactive relief. (§ 1172.6, subd. (a)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand eligibility for resentencing to include not only those "convicted of felony murder or murder under the natural and probable consequences doctrine," but also those convicted of murder under any "other theory which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

In deciding whether a petitioner has a made a prima facie showing for relief, ""the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his

4

or her factual allegations were proved. . . .""" (*Lewis, supra,* 11 Cal.5th at p. 971.)  The trial court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid.*)

"'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis, supra,* 11 Cal.5th at p. 971.)  At this preliminary stage, the trial court should not engage in factfinding, weighing the evidence, or the exercise of discretion.  (*Id.* at p. 972.)

We independently review a trial court's determination on whether a petitioner has made a prima facie showing.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

*Appellant is Not Entitled to Relief as a Matter of Law*

Appellant makes several arguments as to why the trial court erred in summarily denying his petition for resentencing.

First, he contends the trial court engaged in "judicial factfinding" at the prima facie stage.  It did not.  The trial court examined the record of conviction to determine if that record conclusively established that appellant was ineligible for relief as a matter of law.  This did not require the trial court to make "evidentiary findings" and was entirely permissible under *Lewis, supra,* 11 Cal.5th at pp. 970-972.  Any reference to the appellate opinion and the undisputed factual summary therein was harmless based on the jury's findings in this case.

Second, appellant contends, "contrary to the People's argument and the superior court's ruling," the jury was

5

instructed on implied malice.  Respondent agrees that the jury was instructed on implied malice—not imputed malice, which remains a valid theory.  Relying on *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*), appellant contends he "may have been convicted on an imputed malice theory with respect to his second degree murder conviction."

In *Langi*, the defendant was convicted of second degree murder as an aider and abettor after he and three other men beat and robbed the victim, who died after a punch caused him to fall and hit his head.  (*Langi*, *supra*, 73 Cal.App.5th at pp. 975-977.)  On appeal from the summary denial of Langi's section 1172.6 petition, the appellate court considered whether a petitioner convicted of second degree murder established a prima facie case for relief based on the jury instructions given in that case, specifically CALJIC Nos. 8.31 (second degree murder) and 3.01 (aiding and abetting).  (*Langi*, at pp. 980-982.)

The *Langi* court determined that the instruction on aiding and abetting, as given, created an ambiguity in the context of second degree implied malice murder, which may have allowed the jury to "find the defendant guilty of aiding and abetting second degree murder without finding that he personally acted with malice."  (*Langi*, *supra*, 73 Cal.App.5th at p. 982.)

Several recent cases have disagreed with *Langi*.  (E.g., *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921 (*Berry-Vierwinden*); *People v. Burns* (2023) 95 Cal.App.5th 862 (*Burns)*; *People v. Flores* (2023) 96 Cal.App.5th 1164.)

For example, the Court of Appeal in *Berry-Vierwinden* distinguished *Langi* because it "did not consider the language of section 1172.6, subdivision (a)(3) requiring that defendants show they can no longer be convicted of murder 'because of changes'

made by Senate Bill No. 1437." (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 936.)

As the Court of Appeal explained, "Senate Bill No. 1437 did not *change* the law to prohibit direct aider and abettor liability on an imputed malice theory—this was already settled California law by the time of Berry-Vierwinden's 2010 trial." (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 936.) "[A] court may deny the petition at the prima facie stage if the record of conviction conclusively establishes that the petitioner was convicted on a theory not affected by Senate Bill No. 1437." (*Id.* at p. 931; see also *Burns*, *supra*, 95 Cal.App.5th at p. 867 ["A [section 1172.6] petition . . . supplements a defendant's traditional direct appeal by providing an opportunity to make arguments that did not exist at the time of the appeal, but have arisen since 2019 as a result of recent statutory amendments"]; *id.* at p. 868 ["The Supreme Court's *McCoy* decision [*People v. McCoy* (2001) 25 Cal.4th 1111], as explained and developed in [later cases], made clear that the direct perpetrator's mental state could *not* be imputed to an aider and abettor, whose mental state had to be independently evaluated"].)

In *Burns*, *supra*, 95 Cal.App.5th 862, the petitioner was convicted of murder after the jury had been instructed pursuant to former CALCRIM No. 400. The trial court denied Burns's section 1172.6 petition. It reasoned that the instruction "did not operate to offer the jury a theory of legal liability that can no longer support a conviction for murder as a result of the recent statutory changes" made by Senate Bill No. 1437. (*Burns*, at pp. 868-869.)

7

We agree with *Berry-Vierwinden* and its progeny. A petitioner may not raise a claim on a section 1172.6 petition that could have been raised on direct appeal.

Like the petitioners in *Berry-Vierwinden* and *Burns*, appellant cannot satisfy the section 1172.6, subdivision (a)(3) requirement that he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." The record of conviction conclusively establishes that appellant was convicted on a theory not affected by Senate Bill No. 1437. (See *Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 931; *Burns*, *supra*, 95 Cal.App.5th at p. 869.)

Here, the only offense charged was murder. The jury was instructed with CALJIC Nos. 3.01 (aiding and abetting), 8.11 (malice aforethought), CALJIC No. 8.20 (deliberate and premeditated murder), and 8.30 (unpremeditated murder of the second degree). To find appellant guilty of murder, the jury had to find he personally harbored malice either as the perpetrator or as a direct aider and abettor. The jury rejected the first degree murder option and convicted appellant of second degree murder. As instructed, the jury could not have found appellant guilty of second degree murder without finding he personally harbored a malicious mental state.

Based on the foregoing, appellant's contention that he "may have been convicted on an imputed malice theory" fails.

Third, appellant contends the trial court erred in relying on the jury's true findings on the firearm use and discharge allegations at the prima facie stage because those findings did not require a finding of malice aforethought. (Citing *People v. Offley* (2020) 48 Cal.App.5th 588, 597-599.) This contention is

meritless because the record shows appellant was convicted based on a theory of actual malice.

Where, as here, the record does not permit conviction on felony murder, murder under a natural and probable consequences, or any theory of imputed malice, appellant is not entitled to relief as a matter of law.  (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

*Disposition*

The order summarily denying appellant's section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


BALTODANO, J.

Laura R. Walton, Judge
Superior Court County of Los Angeles

_____

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.